IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK THELEN, # 16842-039, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-116-MJR |
| ) | |
| JAMES CROSS, JR., ) | |
| CHARLES E. SAMUELS, JR., ) | |
| and ERIC HOLDER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff is an inmate in the FCI-Greenville. He brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He also raises certain statutory claims. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

**Background**

Previously, Plaintiff filed a substantially identical action under *Thelen v. Cross, et al.*, Case No. 14-cv-760-MJR (S.D. Ill., filed July 2, 2014). He voluntarily dismissed that case after learning that he had not yet exhausted his administrative remedies as to some of his claims. He later attempted to revive that action by filing an amended complaint, and paid the $350.00 filing fee for that case in full. The undersigned Judge determined that Plaintiff would be required to bring the now-exhausted claims in a new complaint, and ordered the amended

complaint to be filed in a new action, where no new fee would be charged (Doc. 2). The instant case was then opened, and it was randomly assigned to the undersigned Judge's docket.

**The Complaint**

Plaintiff raises two claims herein. First, he asserts that Defendants Cross (Greenville Warden), Samuels (Director of the Federal Bureau of Prisons – "BOP"), and Holder (Attorney General of the United States) violated his constitutional rights because they failed to take action to seek Plaintiff's release from what he characterizes as his current "unconstitutional and unlawful imprisonment" (Doc. 1, p. 1). Secondly, Plaintiff claims that Defendant Cross violated his due process right and statutory right (pursuant to 5 U.S.C. § 551 *et seq*.) to participate in the federal rulemaking process, because Defendant Cross failed to make the Federal Register available in the prison for Plaintiff to review (Doc. 1, pp. 1. 6-7). He sues each Defendant in his individual capacity only, and seeks compensatory and punitive damages.

Plaintiff was convicted in 1997 of two drug offenses, for violating 21 U.S.C. § 841(a)(1).[1] He received concurrent sentences as a career offender of 37 years for possession of methamphetamine with intent to distribute, and 30 years for possession of cocaine with intent to distribute, pursuant to 21 U.S.C. § 841(b)(1)(B) and (C). In the complaint, he points to three court decisions which, he argues, undermine his sentences and should entitle him to a sentence reduction (Doc. 1, p. 4). *United States v. Flowal*, 234 F.3d 932, 938 (6th Cir. 2000); *United States v. Strayhorn*, 250 F.3d 462, 468 (6th Cir. 2001); and *Burrage v. United States*, __ U.S. __, 134 S. Ct. 881, 887 (Jan. 27, 2014). Under *Flowal*, he argues that the provisions of 21 U.S.C. § 841(b)(1)(A), (B), and (C) are three different crimes, and the elements of each must be proven

---

[1] *United States v. Thelen*, Case No. 97-cr-20015-RHC-CEB (E.D. Mich.). Plaintiff was also convicted of a third offense in that case, for being a felon in possession of a firearm. He was sentenced to a concurrent 10 years for that conviction.

to the jury beyond a reasonable doubt. Based on these decisions, he claims that he is now in custody for crimes that he was not charged with or convicted of.

On approximately January 30, 2014, Plaintiff requested Defendant Cross to seek a sentence reduction for him pursuant to 18 U.S.C.A § 3582(c)(2)(A)(i). Defendant Cross refused to do so. In March 2014, Plaintiff also requested Defendant Samuels to file a motion on his behalf under 18 U.S.C.A § 3582(c)(2)(A)(i), to no avail.

In May 2014, Plaintiff asked Defendant Cross to investigate his sentence computation and custody, based on his claims that he had not been charged or convicted of the crimes for which he was imprisoned. This request was also refused. Defendant Cross also opposed Plaintiff's petition seeking habeas relief in *Thelen v. Cross*, Case No. 13-cv-1172-DRH (S.D. Ill., filed Nov. 13, 2013).[2]

In June 2014, Plaintiff made similar requests to Defendants Holder and Samuels asking each of them to investigate the lawfulness of his imprisonment. Neither has responded or conducted any investigation into his claims.

Based on the refusal of Defendants to investigate his claims or seek a sentence reduction, and Defendant Cross' opposition to his petition for habeas relief, Plaintiff asserts they have subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Defendants' conduct has also violated his Fifth Amendment right to due process, and his Sixth Amendment right to be informed of the "nature and accusation of the charges" against him (Doc. 1, p. 12).

Plaintiff's claims regarding access to the Federal Register are against Defendant

---

[2] This habeas case was dismissed on September 18, 2014 (Doc. 21 in *Thelen v. Cross*, No. 13-cv-1172-DRH). Plaintiff's appeal of that dismissal is currently pending.

Cross only.  According to Plaintiff, the Federal Register was made available to Greenville inmates prior to 2010, and it continues to be available in most federal prisons.  However, Defendant Cross did not make it available to Plaintiff at the time comments were solicited on the 2014 proposed rule changes to the United States Sentencing Guidelines ("USSG") Section 2D1.1 (Amendment 782), regarding lowering the drug quantity tables.  Because the Federal Register was not available to him, Defendant Cross denied Plaintiff his statutory right to participate in the rulemaking process by submitting comments, under 5 U.S.C. § 551 *et seq*. (Doc. 1, p. 6).  He also claims that Defendant Cross denied him the ability to comment on numerous other proposed agency regulations, rules, and policies, by refusing to allow access to the Federal Register.[3]  Plaintiff asserts that Defendant Cross has thus violated his Fifth Amendment right to procedural due process, as well as his statatory rights under 5 U.S.C. § 551 *et seq*.

**Plaintiff's Prior Challenges to his Convictions**

A brief review of Plaintiff's appeals and collateral attacks is necessary to place Plaintiff's first claim in context.  This history was summarized in the Court's initial order in the habeas case he references above, *Thelen v. Cross*, Case No. 13-cv-1172-DRH (Doc. 4 in that case).  The Sixth Circuit affirmed Plaintiff's conviction and sentences, which included a career-offender sentencing enhancement under USSG § 4B1.1.  *United States v. Thelen*, No. 97-2303, 1999 WL 435172, at *1 (6th Cir. June 18, 1999).  The enhancement was based on two prior drug convictions, one of which was later dismissed.

Plaintiff filed a timely motion to alter, amend, or vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied.  The denial was affirmed on appeal on March 28, 2005.

---

[3] Defendant Cross responded to Plaintiff's request for administrative remedy by stating that portions of the Federal Register addressing the BOP and the U.S. Parole Commission are made available in the prison law library, but the entire Federal Register is not (Doc. 1, p. 19).

*Thelen v. United States*, 131 F. App'x 61 (6th Cir. 2005), *cert. denied*, 546 U.S. 969 (2005). He then filed a series of collateral attacks, including a second § 2255 petition in the Eastern District of Michigan, which was denied by the Sixth Circuit on September 15, 2011 (Doc. 123 in criminal case). He has brought four habeas petitions in this Court pursuant to 28 U.S.C. § 2241, all of which were dismissed on the merits.[4] Defendant Cross was the named respondent in the most recent three cases, in which Plaintiff challenged his drug sentences.

The first of these was *Thelen v. Cross*, Case No. 12-cv-80-DRH (filed Jan. 26, 2012). Plaintiff claimed that he had been improperly sentenced for the drug offenses as a "career offender." This Court ordered Defendant Cross to respond and the issues were fully briefed. The § 2241 petition was dismissed because Plaintiff could have raised the challenge in his application to bring a successive § 2255 petition, thus § 2255 provided him with an adequate remedy (Docs. 55 and 78 in Case No. 12-cv-80). The dismissal of that § 2241 petition was affirmed on appeal. *Thelen v. Cross*, Appeal No. 14-1298 (7th Cir. April 10, 2014) (Doc. 100 in Case No. 12-cv-80).

Plaintiff filed the habeas case he references in the instant complaint, *Thelen v. Cross*, Case No. 13-cv-1172-DRH (filed Nov. 13, 2013), while his earlier § 2241 petition was still pending. He again challenged his career-offender drug sentence, this time basing his arguments on *United States v. Floval*, 234 F.3d 932 (6th Cir. 2000) and *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (June 17, 2013). Again, a response was ordered. This Court dismissed this petition as well, finding that the cases Plaintiff relied on did not bring his claims within the "savings clause" of 28 U.S.C. § 2255(e), thus relief was not available to him under

---

[4] *Thelen v. Sherrod*, Case No. 10-cv-418-MJR (filed June 7, 2010), challenged only Plaintiff's conviction for being a felon in possession of a firearm.

§ 2241 (Doc. 21 in Case No. 13-1172). Plaintiff's appeal of that dismissal is now pending before the Seventh Circuit, under No. 14-3434.

Plaintiff brought a third attack on his career-offender sentence in *Thelen v. Cross*, Case No. 14-cv-247-DRH (filed February 20, 2014), this time relying on *Burrage v. United States*, __ U.S. __, 134 S. Ct. 881 (Jan. 27, 2014), which he also cites in the instant complaint. That case was dismissed upon preliminary review, because *Burrage* was not applicable to Plaintiff's case, and the petition merely rehashed the arguments that had been rejected in Plaintiff's earlier habeas cases (Doc. 3 in Case No. 14-247). Plaintiff did not appeal that adverse decision.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.

After fully considering the allegations in Plaintiff's complaint, the Court

concludes that this action is subject to summary dismissal. Plaintiff's claims do not fail for lack of sufficient factual content; instead, there is no legal merit to his allegations that Defendants' actions or inaction violated his constitutional rights. Further, he cannot sustain any claim for damages based on his imprisonment, given the current posture of his conviction and sentences.

**Count 1 – Failure to Investigate or Act to Seek Plaintiff's Release**

This Court is unaware of any authority requiring the warden of a prison to advocate for the release of a federal inmate in his custody, and Plaintiff points to none. To the contrary, the warden's job is to keep a federal prisoner confined until his sentence is discharged. As for Plaintiff's claim that Defendant Cross should not have opposed his petition for habeas relief, this Court in fact ordered Defendant Cross to respond to the petition, to show cause why the writ should not be issued (Doc. 4 in Case No. 13-cv-1172).

Defendant Samuels, who heads the BOP, is likewise not obligated to assist Plaintiff in overturning his sentence. His agency is charged with the "management and regulation of all Federal penal and correctional institutions." *See* Pub. L. No. 71-218, 46 Stat. 325 (1930). The BOP Director *may*, under 18 U.S.C. § 3582(c)(1)(A)(i), petition a court to reduce an inmate's sentence, but such a reduction may only be made for extraordinary and compelling reasons. Even if this case presented such reasons, it cannot be said that an inmate has the right to require the Director to bring such a petition on his behalf. Consequently, Plaintiff has no viable claim against Defendant Samuels for failing to take this action.

The BOP in turn is an agency within the Department of Justice ("DOJ"), overseen by Defendant Holder, the United States Attorney General. A federal prosecutor in the DOJ brought the criminal case against Plaintiff which resulted in his conviction and imprisonment. Plaintiff points to no authority compelling Defendant Holder to attack the very sentence that was

imposed as a result of that prosecution.

Plaintiff has the right, and indeed has made numerous unsuccessful attempts, to challenge the constitutionality of his convictions and sentences in court. There is no basis, however, for him to demand that the Defendants bring or even support such a challenge on his behalf. Indeed, the fact that Plaintiff's convictions and sentences have withstood his attacks prevents him from maintaining this action for damages. Under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), a prisoner may not obtain damages in a civil rights action for his unlawful imprisonment, unless he first succeeds in invalidating the sentence or conviction. While *Heck* involved a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983, the Seventh Circuit has held that the *Heck* doctrine applies equally to a *Bivens* claim such as the instant action. *See Case v. Milewski*, 327 F.3d 564, 569 (7th Cir. 2003); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87. "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available

state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. The same is true for a federal prisoner who has exhausted the administrative remedy process – no *Bivens* claim can be maintained for damages in connection with his imprisonment unless he first succeeds in invalidating the conviction or sentence itself.

In the instant case, Plaintiff's entire premise for his claims is that his sentences were unconstitutional and he is wrongfully imprisoned, therefore, Defendants should have advocated for his release, and should pay him damages because they did not take up his cause. *Heck* precludes him from pursuing such a claim until he first invalidates the conviction or sentence. To date, no court that has reviewed Plaintiff's convictions and sentences has found any reason to disturb them. Until and unless that occurs, Plaintiff may not maintain a civil rights action for damages against the warden or other officials who are responsible for carrying out the sentences imposed by the trial court.

Accordingly, **Count 1** shall be dismissed without prejudice.

**Count 2 – Right to Comment on Proposed Federal Sentencing Changes**

In this claim, Plaintiff asserts that Defendant Cross violated his "Fifth Amendment right to procedural due process" as well as his statutory right to participate in notice and comment rulemaking under the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et seq.*, by failing to make the Federal Register available to him (Doc. 1, pp. 11-12). As noted above, Plaintiff seeks only damages for these alleged violations.

As to Plaintiff's statutory-based claim, the law is clear that while a person may seek judicial review of agency actions pursuant to the APA, the available remedies do not include money damages.

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief *other than money damages* and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702 (emphasis added). *See also Veluchamy v. F.D.I.C.*, 706 F.3d 810, 815 (7th Cir. 2013) (the United States has not waived sovereign immunity to allow APA claims for money damages). Plaintiff might invoke the APA to seek injunctive or declaratory relief related to the alleged deprivation of access to the Federal Register, but any statutory right he asserts under the APA will not support an award of money damages. His complaint therefore fails to state a claim upon which relief may be granted with respect to his request for money damages for the purported violation of his right to engage in notice and comment rulemaking under the APA.

The other portion of Count 2 is the alleged violation of Plaintiff's Fifth Amendment due process rights. The pertinent section of this amendment provides, "No person shall be . . . deprived of life, liberty, or property, without due process of law[.]" In order for Plaintiff to have a cognizable due process claim, however, he must have a constitutionally protected interest in his right to engage in the notice and comment process. "It is axiomatic that before due process protections can apply, there must first exist a protect[a]ble liberty or property interest." *Bunn v. Conley*, 309 F.3d 1002, 1010 (7th Cir. 2002) (quoting *Solomon v. Elsea*, 676 F.2d 282, 284 (7th Cir. 1982). The *Bunn* court further noted that the plaintiff, who appeared to be asserting claims under both the APA and *Bivens*, would need to assert a recognizable liberty interest in order to proceed with any *Bivens* claim. *Bunn*, 309 F.3d at 1010 (citing *Booher v. U.S. Postal Serv.*, 843 F.2d 943, 944 (6th Cir. 1988)). Because the proposed rules described by

Plaintiff had to do with sentencing matters, the analysis of his claim shall focus on whether any liberty interest is implicated.

Any proposed sentencing guideline changes on which Plaintiff wanted to comment could not have affected his liberty in relation to the notice and comment period. Even if Plaintiff had been fully informed of the proposed changes and had submitted comments, the comment process itself could have no impact on the length of his incarceration. Therefore, he could not have been deprived of a liberty interest by being excluded from participation in the notice and comment procedure.

Plaintiff received due process during the trial that resulted in his conviction and loss of liberty. Depending on the provisions of the final sentencing guideline changes and their applicability to Plaintiff's convictions or sentences, he may have an opportunity to apply for court-ordered relief under the new rules.[5] Such a proceeding might result in some *restoration* of liberty if Plaintiff's sentence were reduced, a prospect which at this time is entirely speculative. However, the complaint does not suggest that Plaintiff could suffer any further loss of liberty from the application of the new guidelines on which he was unable to comment. The Fifth Amendment's due process protection comes into play only if there is some prospect of a deprivation of liberty. No such deprivation is apparent here.

Plaintiff's inability to comment on the proposed sentencing guidelines did not result in any deprivation of a liberty interest without due process. His Fifth Amendment rights

---

[5] Plaintiff refers in particular to his desire to have commented on proposed Amendment 782 to the U.S. Sentencing Guidelines. *See* U.S.S.G. § 1B1.10(d), (e)(1) (2014). The amendment was adopted, and became effective immediately for defendants sentenced on or after November 1, 2014. Defendants whose sentences were imposed before Amendment 782's effective date may apply for relief in November 2015. *See U.S. v. Hayden*, 775 F.3d 847, 850 (7th Cir. 2014). The Court makes no comment on whether Plaintiff may be eligible for relief under this amendment.

were thus not implicated by his lack of access to the Federal Register. Therefore, he has not stated a *Bivens* claim upon which relief may be granted. **Count 2** shall be dismissed with prejudice.

**<u>Disposition</u>**

For the reasons stated above, this action is **DISMISSED** for failure to state a claim upon which relief may be granted. **COUNT 1** is **DISMISSED** without prejudice; **COUNT 2** is **DISMISSED** with prejudice. All pending motions are **DENIED AS MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[6] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

---

[6] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: March 5, 2015**

                                              **s/ MICHAEL J. REAGAN**
                                              **CHIEF DISTRICT JUDGE**